UNITED STATES DISTRICT COURT
DSTRICT OF MASSACHUSETTS
BOSTON DIVISION

Ramzi Albader )
      Plaintiff ) Civil Action No.
v. )
 )
Denis Riordan )
District Director, Department of Homeland )
Security, Citizenship and Immigration )
Services, )
Boston )
 )
      Defendant )
 )
 )

## COMPLAINT FOR MANDAMUS

To the Honorable Judge of Said Court:

**INTRODUCTION:**

     This action is brought by the Plaintiff to compel the Defendant to adjudicate the Plaintiff's application for his naturalization. The application has been on file with the CIS (Citizenship and Immigration Services) since March 8, 2004, Plaintiff was interviewed on his application on November 16, 2004, was assured his case would be adjudicated within 2 months and the defendant has failed to complete the case.

**PARTIES:**

     1.     The Plaintiff Ramzi Albader is a citizen of Kuwait, lawfully admitted for permanent residence on September 29, 1989. He resides with his U.S. citizen wife and two children in Lexington, Massachusetts.

     2.     The Defendant is the officer of the Citizenship and Immigration Services, an agency within the U. S. Department of Homeland Security, who is charged by law with the obligation of adjudicating applications by aliens lawfully admitted for permanent residence—such as Plaintiff—for naturalization as United States citizens.

**JURISDICTION:**

     3.     This is a civil action brought pursuant to 28 USC secs. 1331 and 1361 to redress the deprivation of rights, privileges, and immunities secured to Plaintiffs, by which jurisdiction is

conferred, to compel Defendant and those working under him to perform duties he owes to the Plaintiff.

4. Jurisdiction is conferred by 8 USC sec. 1447(b) allowing applicants for naturalization to apply to the United States District Court in the event the Service fails to make a determination under Sec. 335 (Application for Naturalization) within 120 days after examination on the application.

5. Jurisdiction is also conferred by 5 USC sec. 704. Plaintiffs are aggrieved by adverse agency action in this case, as the Administrative Procedures Act requires in order to confer jurisdiction on the District Courts. 5 USC secs. 702 *et seq.*

6. The aid of the Court is invoked under 28 USC secs. 2201 and 2202, authorizing a declaratory judgment.

7. Costs and attorneys fees will be sought pursuant to the Equal Access to Justice Act, 5 USC sec. 504, and 28 USC 2412(d), *et seq.*

**VENUE:**

8. Venue is proper in Boston, Massachusetts and the Boston Division of the Massachusetts District Court since the Defendant District Director has his principal place of business there.

**REMEDY SOUGHT:**

9. Plaintiffs seek to have the Court compel the District Director of the CIS to adjudicate and approve the N-400 application for naturalization which the Plaintiff Ramzi Albader filed with the Defendant on March 8, 2004.

**CAUSE OF ACTION:**

10. Plaintiff was interviewed by Defendant on November 16, 2004. Although Plaintiff passed all required tests, the Service stated it was unable to issue the approval because a file on this matter was missing. The officer adjudicating this matter stated a request for the file would be made, that if after two or three requests the missing file, known as the "A" file, was not retrieved, the officer would have the power to approve the application. The Defendant, through his agent, stated this would take about 2 months.

11. On January 4, 2005, Plaintiff's attorney began inquiring the Defendant on behalf of plaintiff. Written requests were hand delivered to officers who knew about this case on January 4, 2005, January 20, 2005, February 16, 2005, and March 9, 2005.

12. Plaintiff's attorney spoke directly with the officer familiar with this case on January 21, 2005, February 23, 2005, March 9, 2005, March 14, 2005, April 7, 2005 and April 8, 2005. The last action by this attorney was leaving a voice mail message on the phone of the officer to whom the case was assigned on April 11, 2005.

13. Although the Defendant has acknowledged that the naturalization case is filed and pending with his office, and although he has been requested on numerous occasions to proceed with

the case and complete it, he continuously failed and refused to do so.

14. There is no reason that Plaintiff, Ramzi Albader, is disqualified for naturalization. In fact, the Defendant, through his agents, admits he is eligible and qualified.

15. Plaintiffs have no administrative remedies. There are no administrative remedies provided for neglect of duty.

16. Furthermore, the District Director, by failing to adjudicate the application, is denying the Plaintiff, Ramzi Albader, the right to have the denial reviewed by this court.

17. Mandamus is appropriate because there is no other remedy at law. But Plaintiffs seek to compel a decision to be made, in terms of both mandamus and in terms of the Administrative Procedures Act for administrative action wrongfully withheld.

**PRAYER:**

Wherefore, Plaintiffs pray that the Court compel the District Director of the INS at Dallas to perform his duty to rule upon the N-400 application for naturalization filed by the Plaintiff Ramzi Albader, grant such other relief as may be proper under the circumstances, and grant attorneys fees and costs of court. Plaintiffs further pray that if the decision is adverse to them, that the decision include justification and explanation.

Respectfully submitted,
Ramzi Albader,
By his Attorney


Alan M. Pampanin
Pampanin Law Offices
2343 Massachusetts Avenue
Cambridge, MA 02140
617-498-0900

UNITED STATES DISTRICT COURT
DSTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| Ramzi Albader ) | |
|     Plaintiff ) | Civil Action No. |
| v. ) | |
|   ) | |
| District Director, CIS ) | |
| Boston ) | |
|   ) | |
|     Defendant ) | |
|   ) | |

AFFIDAVIT OF ALAN M. PAMPANIN

I, Alan M. Pampanin, do declare:

1. I am the Attorney for the Plaintiff, Ramzi Albader. My office is located at 2343 Massachusetts Avenue, Cambridge, Massachusetts, 02140. I am a member of the State Bar of Massachusetts.

2. This Affidavit is submitted to lay out further background in this case.

3. On February 28, 2002 Plaintiff was detained at Logan Airport upon his return from Kuwait and placed in removal proceedings by the U.S. Department of Homeland Security.

4. Plaintiff was charged with having abandoned his permanent residency. This charge was based upon the fact he had returned to the United States after expiration of his Re-Entry Permit.

5. Plaintiff had not abandoned his residency. Plaintiff had been working and living temporarily in Kuwait for a multinational oil company. His United States citizen wife and two daughters lived and attended school in Kuwait City.

6. Plaintiff's counsel at that time, Hale and Dorr, submitted an exhaustive and compelling Motion to Terminate proceedings on May 23, 2002. The Immigration Court denied this Motion on June 1, 2002, stating the Motion could be renewed at the merits hearing.

7. On February 10, 2004, almost two years after being placed into proceedings, plaintiff appeared before the Honorable Judge Gagnon of the Boston Immigration Court in an Individual Calendar hearing on the case.

8. The Service disclosed it could not find the file, known as the "A file", for the case.

9. The Service did not ask for a continuance. The Service and the Judge agreed to using the documents and copies in this attorneys file in order to proceed, which were, in essence, the above referenced Motion to Terminate. Within about one hour the Judge terminated proceedings. The Service did not appeal.

10. This attorney and plaintiff made efforts to locate the file since the file had Mr. Albader's Form I-551, lawful permanent resident card, known as the "green card." On February 10th, after the hearing, I spoke with an officer at the Deportation Unit who stated the file had been missing for about a year and a half.

11. We took immediate steps to have his passport stamped to show he was a permanent resident and filed for a new Form I-551. I also began completing his Application for Naturalization. Mr. Albader had expressed many times his desire for United States citizenship. He was upset that the removal proceedings prevented him from going forward. On March 8, 2004, Mr. Albader filed his N-400 Application for Naturalization with the Vermont Service Center.

12. At his interview on November 16, 2004, Mr. Albader passed the English and government and history tests. He was found eligible for naturalization. The Naturalization Officer informed myself and Mr. Albader that she needed to retrieve the old "A" file before approving his application. I informed her about the history of the file as set out above. She stated that if after either two, or three requests the file still had not been retrieved she had the power to approve the case without the A file. She stated this would take about 2 months.

13. During the next two months I would informally inquire about the case when I was at the Immigration office. On or about January 4, 2005 I was informed the file had been transferred to another officer who handled my many requests from January to April. This officer, in my opinion, worked as hard as he could to track the old files ( he informed me they had discovered the existence of a second old A file).

14. There are, however, no mitigating facts. The Service is obligated by law to reach a decision in 120 days and have not done so. For Mr. Albader the wait has not been months, it has been years.

I declare under pains and penalties of perjury the aforgoing is true and correct this 31st day of May 2005.

Alan M. Pampanin
2343 Massachusetts Avenue
Cambridge, MA 02140
617-498-0900

UNITED STATES DISTRICT COURT
DSTRICT OF MASSACHUSETTS
BOSTON DIVISION

05  11215 JLT

|  |  |  |
|---|---|---|
| Ramzi Albader | ) | |
| Plaintiff | ) | Civil Action No. |
| v. | ) | |
| | ) | |
| Denis Riordan | ) | |
| District Director, Department of Homeland | | |
| Security, Citizenship and Immigration | | |
| Services, | ) | |
| Boston | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

### CERTIFICATE OF SERVICE

I, Alan M. Pampanin of Pampanin Law Offices in Cambridge, Massachusetts certify I have served a true copy of the within Writ of Mandamus and Affidavit to:

Michael J. Sullivan, U.S. Attorney
U.S. Attorney's Office
U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Service
Office of the District Counsel
JFK Federal Bldg. - Room 425
Boston, MA 02203

U.S. Citizenship and Immigration Services
JFK Building
Government Center
Boston, MA 02203
Attn:    Denis Riordan, District Director

By express mailing via Federal Express on this 8th day of June, 2005.

*[signature]*
Alan M. Pampanin
Pampanin Law Offices
2343 Massachusetts Avenue
Cambridge, MA 02104
617-498-0900

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) ___Ramze Albader vs. Denis Riordan___

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases

   ☐ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   ☐ IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ___Alan M. Pampanin___
ADDRESS ___2343 Massachusetts Ave, Cambridge MA 02140___
TELEPHONE NO. ___617 498 0900___

(CategoryForm.wpd - 5/2/05)

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Ramzi ALBADER

**DEFENDANTS**
Dennis Riordan, District [Director]
US-Citizenship and Immigration Services

(b) County of Residence of First Listed Plaintiff  Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Suffolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Prempeh Law Offices, 2343 Mass Ave, Cambridge MA 02140  617-491-09??

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**       **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane       ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product           Med. Malpractice | ☐ 625 Drug Related Seizure        28 USC 157 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |         Liability    ☐ 365 Personal Injury - |         of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &           Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
|       & Enforcement of Judgment |         Slander    ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'           Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent |         Corrupt Organizations |
| ☐ 152 Recovery of Defaulted |         Liability           Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|         Student Loans | ☐ 340 Marine    **PERSONAL PROPERTY** |         Safety/Health | | ☐ 490 Cable/Sat TV |
|         (Excl. Veterans) | ☐ 345 Marine Product    ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment |         Liability    ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
|         of Veteran's Benefits | ☐ 350 Motor Vehicle    ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) |         Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle           Property Damage |         Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract |         Product Liability    ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |         12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal           Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |         Injury | |        & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting    ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment           Sentence | ☐ 791 Empl. Ret. Inc. |         or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/           **Habeas Corpus:** |         Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land |         Accommodations    ☐ 530 General | |         26 USC 7609 |         Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare    ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☒ 540 Mandamus & Other | | |         Under Equal Access |
| |         Employment    ☐ 550 Civil Rights | | |         to Justice |
| | ☐ 446 Amer. w/Disabilities -   ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| |         Other | | |         State Statutes |
| | ☐ 440 Other Civil Rights | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC §§ 1331 + 1361 and 8 USC § 1447(b)

Brief description of cause:
Mandamus to compel action on Naturalization application

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):
JUDGE
DOCKET NUMBER

DATE  05/31/2005
SIGNATURE OF ATTORNEY OF RECORD  [signature]

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____